# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1478V

| | |
|---|---|
| CHRISTINE STUBBS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: April 18, 2024 |

*Jimmy A. Zgheib*, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 11, 2022, Christine Stubbs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 9, 2020. Petition at 1. On December 22, 2023, I issued a decision awarding compensation based on the Respondent's proffer. ECF No. 29.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,018.98 (representing $29,710.10 for attorney's fees, plus $1,308.88 in costs).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner's Application for Attorney's Fees and Costs ("Motion") filed January 5, 2024, ECF No. 33. Petitioner also requests $14,819.86 (representing $9,607.60 for attorney's fees, plus $5,212.26 in costs) for the work of Petitioner's prior counsel, Gordon Daniels, Esq. Id. at 2. In accordance with General Order No. 9, Petitioner filed a signed statement representing that she incurred no out-of-pocket expenses. ECF No. 33 - 3.

Respondent reacted to the motion on January 9, 2024, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 34. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

### A. Zgheib Sayad, P.C.

Petitioner requests compensation for the following attorneys who represented her directly in this case: for Jimmy Zgheib, $330.00 per hour for work performed in 2022, $360.00 per hour for work performed in 2023, and $400.00 per hour for work performed in 2024; for attorney AnnMarie Sayad, $400.00 per hour for work performed in 2024; and for paralegals, rates between $161.00 - $200.00 for time between 2022-24. Motion, Ex. 1 at 17.  The rates for time billed between 2022-23 have previously been awarded and shall be applied herein. In addition, both Mr. Zgheib and Ms. Sayad are requesting rate increases of $25.00 per hour for their time billed in 2024 (meaning $400 per hour), and I find this rate to be reasonable.

All paralegal rates have also been previously awarded, with the exception of 2024. And that requested rate exceeds the Vaccine Program's published range for paralegals in 2024.[3] I shall therefore reduce the 2024 paralegal rate to $197.00 per hour. This reduces the fees to be awarded by the amount of **$0.60**.[4]

Petitioner also requests $1,308.88 in overall costs incurred by Zgheib Sayad, P.C. Motion, Ex. 2. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find these to be reasonable, and they shall be awarded in full.

### B. Gordon Daniels, Esq.

Petitioner is requesting $9,607.60 in fees and $5,212.26 in costs incurred by prior counsel, Gordon Daniels. Motion at 2. As Mr. Daniels is not admitted to the Court of Federal Claims, he did not bill time at his standard attorney rates, but instead his time is billed at the level of an experienced paralegal. These requested rates ($163.00 per hour for 2020, $172.00 per hour for 2021; and $177.00 per hour for 2022) are reasonable and shall be awarded.

---

[3] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] $200.00 - $197.00 = $3 x 0.60 hrs = $0.60.

3

However, the tasks billed require a further review. Prior to obtaining Mr. Zgheib as her attorney, Petitioner retained Mr. Daniels to represent her in a civil action regarding her vaccine injury. In so doing, however, Mr. Daniels billed for tasks that would not be compensated in the Vaccine Program. These tasks include (but are not limited to):

- February 3, 2021 "Email to investigator for background check of client" (0.20 hrs)

- February 21, 2021 "P/c with Client. Went over Investigator's report with client. She said she is not having surgery until she moves to Fort Lauderdale." (1.50 hrs)

- July 30, 2021 "Spoke to legal dept. of Ortho. They do not reduce. Will send me LOP. Cline can call and make appointment" (0.60 hrs)

- February 1, 2022 "Email to PRIMECASE asking for loan for client detailing medical treatment, etc" (1.0 hrs)

- February 3, 2022 "Email to PRIMECASE enclosing loan docs" (0.20 hrs)

- June 15, 2022 "Researched VACCINE" (0.20 hrs)

- July 26, 2022 "Took Statement of Dr. Hinson (includes travel)" (3.50 hrs)

- August 16, 2022 "Prepared & Send Final Demand letter" (4.0 hrs)

Because these tasks were intermingled with tasks that were reasonably performed, I will reduce the requested fees by 20 percent across the board, rather than provide a line-by-line reduction.

Petitioner's costs incurred by Mr. Daniels are also subject to adjustment. ECF No. 64-5 at 1. Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies ... are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. These costs are considered non-compensable as it was part of a possible civil action and shall be deducted accordingly. They are as follows:

- Phone Conference with Dr. Hinson of Palm Beach Orthopedic Institute - $250.00

4

- Fee for Dr. Hinson's statement - $750.00[5];

- VERITEXT Court Reporter Fee - $484.45;

- COUNTERINTELLIGENCE (Investigator) - $545.70;

- Monies lent to Christine Stubbs for transportation (Uber) to Physical Therapy and Doctor - $1800.00[6]

Motion, Ex. 4 at 45 – 56.

None of these specific costs are allowed, reducing the amount Mr. Daniels will receive as reimbursement for the costs to the amount of $1,382.11.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e).

**Accordingly, Petitioner is awarded the total amount of $40,086.57 as follows:**

**• A lump sum of $31,018.38, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Jimmy Zgheib, Esq. Petitioner requests payment be forwarded to Zgheib Sayad, PC, 9016 3rd Ave, Brooklyn, NY 11209; and**

**• A lump sum of $9,068.19, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner and Petitioner's former counsel, Gordon Daniels, Esq. Petitioner requests payment be forwarded to Daniels Law Group, 4700 Sheridan Street, Suite J, Hollywood, Florida, 33201.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

---

[5] Experts are used at times in the Vaccine Program, however prior approval from the Court is required. In this instance an expert was not necessary for the case to come to conclusion.

[6] Mr. Daniels submitted transfer statement to Petitioner's bank account however no receipts or documentation on how Petitioner used funds or if the total of money transferred was utilized.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
